### SMITH, EXECUTOR OF DANIEL GRANT, v. MARSHALL ET AL.

A legacy given by will is not to be considered a satisfaction for a sum secured by a note; unless expressed, or necessarily implied to be so.

WRIT OF ERROR, complaining — That said Raphael et al. brought their action against him as executor aforesaid, to

the County Court, on a note executed by said Daniel, on the 18th day of July, A. D. 1787, for £700 lawful money, to the said Phila, payable on demand with lawful interest — demanding £ lawful money damages.

To which action said executor plead in bar — That said Daniel executed said note in his last sickness and but a day or two before his death, as a gratuity to said Phila and delivered it to Elihu Barber to hold and deliver to her after his death, and so said note was to operate as a pecuniary legacy; and said Daniel attempted to settle all his estate by notes, but finding it impracticable, he afterwards made and published his last will and testament, in and by which he gave to said Phila £700, the same sum contained in the note, and made a legal disposition of all his estate, which will has been proved and approved; and the defendant has fully paid and satisfied to the plaintiffs said £700 mentioned in said will, being the whole which was meant and intended to be given to her.

Plaintiffs reply — That said Phila is the natural daughter of said Daniel, and that said Daniel in contemplation of death gave her the note, on which, etc. for the purpose of providing for her support, and soon after made and published his will, and therein gave her £700, to be paid her in articles of estate to that amount, at inventory price, to be set off to her by distributors, appointed by the Court of Probate; that said estate as inventoried, consisted of real and personal estate, notes, etc.

The defendant rejoins — That said Daniel, when he delivered said note to said Barber, declared that that sum was sufficient for her well-being in life; and had often been heard to say, he intended to give her that sum; and affirms over his plea in bar. Plaintiffs demur.

Judgment — That the defendant's rejoinder is insufficient; and for the plaintiffs to recover.

Errors assigned — 1st. That as the method of settling his estate by note was relinquished, and a will resorted to, and made, this note with all others, were rendered void. 2d. That said note being in nature of a pecuniary legacy, was revoked

Smith v. Marshall et al.

by the will. 3d. The sum in the note, and the sum in the will being the same, it is evident that but one £700 was intended to be given her, and that a payment of one was a satisfaction for both. 4th. That as said note was an escrow and derived all its force from its second delivery, which was not till after said Daniel's death, it cannot be a charge against his estate.

Judgment — Nothing erroneous.

By the COURT. By the note's being executed and delivered to Barber with instructions to him to deliver it to said Phila after said Daniel's death, she became interested in it; and said Daniel could not vacate or revoke it by will or otherwise; and although said note did not take effect until the second delivery, yet upon the second delivery it had effect and operation from the date, and was a lien upon his estate, as much as any obligation, or any legacy in his will, which did not take effect until his death. The consideration was a good one; it was the love and affection he had for his natural daughter, given for her support, and advancement in life, and to compensate as far as was in his power, for the disadvantages accruing from the defect in her birth, of which he was the blamable cause. In all cases where a legacy is to be considered as a satisfaction for a debt, it must be for as great a sum as the debt, and of equal value at least.

The note is for £700 lawful money, payable on demand with the lawful interest; the sum given by the will is to be paid in articles of estate at inventory price, to be set out by distributors, without interest.

The two sums are totally different in their nature and value, given at different times, and by different instruments, and it is impossible they should be considered the same; or that payment of one should be a satisfaction for the other: Indeed had both sums been given by the will, they must have been considered distinct legacies, and both had effect.